IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY DOUGLAS, ) | |
| ) | 4:05cv3157 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| UNION PACIFIC RAILROAD, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing no. 2, the Motion to Proceed In Forma Pauperis ("IFP")[1] filed by the pro se plaintiff, Larry Douglas, a prisoner in the Nebraska State Penitentiary ("NSP"). Also before the court are filing nos. 5 and 6, the Motions to Intervene by Billy Roy Tyler, another prisoner in the NSP. Tyler appears to have authored the complaint.

In his complaint, the named plaintiff states that he has "arrested development and diminished intelligence" as the result of lead poisoning incurred by virtue of his proximity to a Superfund site. He seeks $100 million under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") for his alleged personal injuries.

By moving for leave to proceed IFP, the plaintiff subjects the complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $250.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP

1

Dockets.Justia.com

(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff's motion for leave to proceed in forma pauperis must be denied, and the complaint must be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).  CERCLA imposes liability on an owner or operator of a facility "from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance."   42 U.S.C. § 9607(a).  The plaintiff has incurred no response costs.  There is no private cause of action under CERCLA to recover damages for personal injuries suffered as a result of violations of the statute.  See, e.g., Cabana v. Forcier, 148 F. Supp.2d 110, 114 (D. Mass. 2001)

THEREFORE, IT IS ORDERED:

1. That filing nos. 2, 5 and 6 are denied, and the plaintiff's complaint and this action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2  That a separate judgment will be entered in accordance with Fed. R. Civ. P. 58.

July 15, 2005.                    BY THE COURT:

                                  /s *Richard G. Kopf*
                                  United States District Judge