IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY DOUGLAS, | ) | |
| | ) | 4:05cv3157 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | (appeal) |
| | ) | |
| UNION PACIFIC RAILROAD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 13, the Notice of Appeal filed by the plaintiff, Larry Douglas, a prisoner. The plaintiff appeals filing no. 7, the Memorandum and Order in which I dismissed his complaint, and filing no. 8, the accompanying Judgment. See 28 U.S.C. § 1915(e)(2)(B)(ii). Also before the court is filing no. 14, the plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP") on appeal.

The plaintiff's Motion for Leave to Proceed IFP on appeal is denied. The Eighth Circuit Court of Appeals has stated that "[d]istrict courts should continue to certify pursuant to [28 U.S.C.] § 1915(a)(3) and [Fed. R. App. P.] 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith. If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to [Fed. R. App. P.] 24(a), 'state in writing the reasons for the denial.'" Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997).

Having considered the record in this action, I conclude that this appeal is not taken in good faith. The plaintiff's claim for $100 million in damages under the Comprehensive

Environmental Response, Compensation, and Liability Act ("CERCLA") for his alleged personal injuries fails to state a claim on which relief may be granted, and his appeal is frivolous. CERCLA imposes liability for "response costs" on an owner or operator of a facility "from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance." 42 U.S.C. § 9607(a). The plaintiff has incurred no response costs. There is no private cause of action under CERCLA to recover damages for personal injuries suffered as a result of violations of the statute. See, e.g., Cabana v. Forcier, 148 F. Supp.2d 110, 114 (D. Mass. 2001)

If a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id.

THEREFORE, IT IS ORDERED:

1.   That filing no. 14, the plaintiff's Motion for Leave to Proceed IFP on appeal, is denied;

2.   That the Clerk of Court shall send a copy of this Memorandum and Order to

the parties and to the Eighth Circuit Court of Appeals as the notice required by Fed. R. App. P. 24(a)(4), and the Clerk shall process the appeal to the Eighth Circuit; and

    3.    That the plaintiff may file a motion in the Court of Appeals for leave to proceed IFP on appeal.

August 17, 2005.        BY THE COURT:

                                            /s *Richard G. Kopf*
United States District Judge